## PEOPLE ex rel. KENNEDY v. O'DONNEL et al., Tax Com'rs.

(Supreme Court, Appellate Division, Second Department. June 4, 1909.)

1. MUNICIPAL CORPORATIONS (§ 974*) — TAXATION — ASSESSMENT OF PERSONAL PROPERTY—APPLICATION FOR REDUCTION.

Greater New York Charter (Laws 1901, p. 381, c. 466) § 895, provides that, when an application is made for correction of the valuation of personal estate, the applicant shall be examined under oath by the commissioners of taxes and assessments or a deputy tax commissioner, etc., but that the commissioners may, during the months of April and May in any year, act on applications, examine applicants under oath, etc., for the reduction of assessments on personal property filed in their office, and cause the amount of any assessment as corrected to be entered on the assessment rolls. Held, that these provisions do not prohibit the filing of a written application for the correction of an assessment, nor require that the application be made to the commissioners personally.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 974.*]

2. MUNICIPAL CORPORATIONS (§ 974*) — TAXATION — ASSESSMENT OF PERSONAL PROPERTY—APPLICATION FOR REDUCTION.

The law does not require the commissioners to compel the attendance of an applicant, and hence, when an application was rejected, applicant was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

bound to appear before the commissioners, or a deputy, for a personal examination on the merits of his application prior to May 1st.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 974.*]

3. MUNICIPAL CORPORATIONS (§ 974*)—TAXATION—ASSESSMENTS OF PERSONAL PROPERTY—APPLICATION FOR REDUCTION.

Under Greater New York Charter (Laws 1901, p. 381, c. 466) § 895, that in a letter accompanying the return of the application to applicant the deputy stated that personal appearance of the party assessed was necessary before March 31st did not relieve applicant from the duty of appearing for a personal examination, or attempting to procure a hearing at which his evidence might be taken.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 974.*]

Appeal from Special Term, Kings County.

Certiorari by the People, on the relation of William Kennedy, individually and as administrator, to review the action of Frank A. O'Donnel and others, as Commissioners of Taxes and Assessments of the City of New York, regarding the correction of an assessment of personal property. From an order dismissing the writ, relator appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Artemas B. Smith, Harold Bowman, and William J. Bowman, for appellant.

David Rumsey and George H. Folwell, for respondents.

RICH, J. On January 9, 1905, the department of taxes and assessments of the borough of Brooklyn mailed a written notice to the relator, stating that his assessment upon personal property, exclusive of bank stock, for the year 1905, was $10,000; that, if erroneous, such assessment could only be corrected on personal application to the commissioners, made on or before March 31, 1905. The relator paid no attention to this notice until late in the afternoon of March 31st—the last day on which an application could be made—at which time he caused an affidavit to be filed with the commissioners, stating that the value of his merchandise, stock in trade, etc., was $1,250; cash on hand and on deposit, $1,701.84; and value of other chattels, $1,000—in all, $9,951.84; that he owned no notes or bills receivable, no open accounts or mortgages; that he owed on bond and mortgage $15,000, owed on notes $17,000, and owed on open accounts $39,567.07, a total of $71,567.07. Upon this statement he asked "that the alleged assessment of his personal property for the year 1905 be canceled from the assessment rolls." The commissioners declined to act upon the affidavit, because of the failure of the relator to appear in person, and on the same day the affidavit was returned to the relator by mail, with the words "to whom" written in the margin opposite his statement of the amount owed on notes and on open accounts, and a letter from the deputy in charge of personal assessments stating that it was returned as "unsatisfactory and insufficient, and for the further reason that personal appearance of the party assessed is necessary before March

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

31, 1905." On the following day, April 1st, the relator returned the affidavits to the department by mail, with the following letter:

"To the Department of Taxes and Assessments of the City of New York, Room 20, Municipal Building, Brooklyn, N. Y.—Sirs: I have had the honor to receive to-day a communication addressed to me by 'the deputy in charge of personal assessments,' dated yesterday, and therewith returning to me my written application, duly signed and sworn to by me, for the correction of the assessment relating to the assessed valuation of my personal property made by your board for the year 1905, and which I had filed in said office yesterday, as the law prescribes. I apprehend the sending of the paper to me was a mistake, because it was filed in said office yesterday, according to law, and it should remain on file in your department. Therefore I herewith respectfully return it to you and request you to retain it on file, in accordance with the original filing of yesterday. I note that in your letter you state no reason why my said application should not have been made by me or filed in your office. Your statement that it 'is returned as unsatisfactory and insufficient' gives me no information why my application so filed is not a full and strict compliance with the requirements of the law.

"Respectfully yours,                    William Kennedy."

The relator made no personal application to the commissioners, nor is it claimed that he at any time requested a hearing or to be personally examined by them on the subject of his assessment or in support of his affidavit. Later—the specific time not appearing—the commissioners confirmed the assessment.

Section 895 of the Greater New York charter (Laws 1901, p. 381, c. 466), entitled "Applications for Correction of Assessment," provides that, when the application is made in relation to the assessed valuation of real estate, it must be made in writing, stating the grounds of objection. As to personal property it provides:

"If such application be made in relation to the assessed valuation of personal estate, the applicant shall be examined under oath by a commissioner of taxes and assessments or a deputy tax commissioner, as herein provided, who are hereby authorized to administer such oath. * * * But the commissioners of taxes and assessments may, during the months of April and May in any year, act upon applications, examine applicants under oath and take other testimony thereon, for the reduction of assessments upon either real or personal property filed in their office on or before the 31st day of March preceding, and cause the amount of any assessment as corrected by the board of taxes and assessments to be entered upon the assessment rolls for the year in which such correction shall be made."

The provisions of this section relating to personal property do not prohibit the filing of a written application for the correction or cancellation of an assessment, nor do they require that the application shall be made to the commissioners personally by the person seeking relief. In the case at bar it was properly presented by the attorney of the relator in the first instance, and was filed within the time limited by law therefor. The statute, however, requires that the applicant shall be examined under oath; but this may be done at a time subsequent to the time of filing the application. This law imposes upon the person or corporation seeking relief from an assessment upon personal property the duty of taking the initiative in bringing the matter to a hearing, and the relator was bound to present himself before the commissioners or a deputy, for the purpose of a personal examination upon the merits of his application, at some time prior to May 1st. The statute does

not require the commissioners to compel the attendance of an applicant. People ex rel. Rochester Lamp Co. v. Feitner, 65 App. Div. 224, 72 N. Y. Supp. 641.

Undoubtedly the commissioners could waive the requirement of personal examination for reasons satisfactory to themselves; but they did not do so in this case. Instead, they notified the attorney for the relator, when the affidavit was filed, that no action could be taken without the relator's personal presence, and that the affidavit was of no use. It then became incumbent upon the relator to present himself for personal examination under oath before the following 1st of May. The effect of the information given by the commissioners was to notify the relator that they required evidence upon the matters to which his attention was directed. The commissioners had returned the affidavit as insufficient and unsatisfactory, and the relator could not, by simply remailing it to them, overcome their objections. The contention that because, in the letter accompanying the affidavit when it was returned, the deputy stated as a further reason for its return "that personal appearance of the party assessed is necessary before March 31, 1905," the relator was relieved from the duty or necessity of appearing before the commissioners for a personal examination or attempting to procure a hearing at which his evidence might be taken, is without merit.

Having failed to avail himself of the opportunity secured by the charter to those desiring a reduction or cancellation of their assessments, the relator has no right to review his assessment, the court was without jurisdiction to issue the writ of certiorari for that purpose, and the order must be affirmed, with costs.

Order dismissing writ of certiorari affirmed, with $10 costs and disbursements. All concur.